**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LONNEL ANTWINE,

                    Petitioner,                Case Number: 2:15-CV-12037
                                              HONORABLE GERALD E. ROSEN

v.

SHAWN BREWER,

                    Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELEASE PENDING DECISION AND AMENDING ORDER REQUIRING RESPONSIVE PLEADING

      Michigan state prisoner Lonnel Antwine, through his attorney, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for felony firearm. Now before the Court is Petitioner's Motion for Release Pending Decision. Respondent has filed a response in opposition to the Motion for Release Pending Decision. The Court denies Petitioner's motion, but amends the Court's Order Requiring Responsive Pleading to shorten by 60 days the time provided for Respondent to file an answer to the petition.

## I.    Background

      Petitioner was charged in Wayne County Circuit Court with possession with intent to deliver less than 50 grams of cocaine, possession of more than 25 but less than 50 grams of cocaine, and possession of a firearm during the commission of a felony, second offense. Petitioner moved to suppress the seized evidence and dismiss the charges on Fourth

2:15-cv-12037-GER-PTM   Doc # 9   Filed 08/11/15   Pg 2 of 6   Pg ID 123

Amendment grounds. The trial court granted the motion and dismissed the case. *People v. Antwine,* 293 Mich. App. 192, 197-98 (Mich. Ct. App. 2011). The prosecution appealed the trial court's rulings. The Michigan Court of Appeals reversed the trial court's orders suppressing the evidence and dismissing the case. *Id.* at 202.

The matter was returned to the trial court, where a jury convicted Petitioner of possession of 25 grams or more, but less than 50 grams of cocaine, and possession of a firearm during the commission of a felony. Petitioner was sentenced to time-served for the cocaine possession conviction and two years' imprisonment for the felony-firearm conviction. Petitioner filed a motion for new trial. Following a hearing, the trial court vacated the felony-firearm conviction on the ground that insufficient evidence was presented to sustain the conviction. The trial court released Petitioner on personal bond pending appeal.

Petitioner filed an appeal of right challenging the cocaine-possession conviction, and the prosecution appealed, by leave granted, the trial court's order setting aside the felony-firearm conviction. The Michigan Court of Appeals consolidated the appeals, affirmed Petitioner's cocaine conviction, held that the trial court erred in finding that there was insufficient evidence to convict Petitioner of felony firearm, and remanded for reinstatement of the conviction and sentence. *People v. Antwine*, Nos. 309028 & 313826, 2014 WL 783484, *5-7 (Mich. Ct. App. Feb. 25, 2014). The Michigan Supreme Court denied Petitioner's application for leave to appeal, *People v. Antwine*, 497 Mich. 889 (Mich. Oct. 28, 2014), and denied a motion for reconsideration. *People v. Antwine*, 497 Mich. 1009

(Mich. Apr. 28, 2015).

On July 17, 2015, Petitioner was returned to prison to serve the remainder of his two-year sentence.

## II.    Discussion

Release on bond pending a decision on the merits of a habeas corpus petition is rarely granted.  To qualify for release, a petitioner must show: (1) a substantial claim of law based on the facts surrounding the petition, and (2) the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice."  *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).  "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case."  *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

Without ruling on the merits of the habeas petition at this time, the Court finds that Petitioner fails to establish that he has presented a substantial claim of law based on the facts of his petition.  Petitioner raises two claims for habeas relief: (i) that he was denied due process because insufficient evidence supported his felony-firearm conviction and the jury instructions omitted an element of the felony-firearm charge; and (ii) defense counsel rendered ineffective assistance.  The standard of review applied to a federal habeas corpus petition is an "exacting" one.  *Bush v. Warden, Southern Ohio Correctional Facility*, 573 F. App'x 503, 513 (6th Cir. 2014).  The Michigan Court of Appeals ruled on the merits of each

3

of the claims raised in the petition, and denied the claims. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), *citing Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Petitioner challenges a presumptively valid state court conviction, the Michigan Court of Appeals appears to have applied the correct legal standard, and both state appellate courts have affirmed Petitioner's convictions. Given the high level of deference afforded state court decisions on habeas review, the Court finds that Petitioner's claims are not of such weight or merit that they present a likelihood of success on the merits.

The letters from family and community members and photographs submitted in support of Petitioner's motion depict an individual with strong family ties and some community support. But, in this regard, Petitioner does not distinguish his situation from that of many other habeas petitioners. Those factors are relevant to state courts in deciding whether to grant release on bail pending trial or appeal, but not relevant to consideration of a habeas petitioner's request for release on bail because a habeas petitioner's conviction is final and presumptively valid. *Accord Aceval v. MacLaren,* No. 2:12-cv-1-897, 2015 WL 540615, *2 (E.D. Mich. Feb. 10, 2015) (Tarnow, J.) ("The loss of liberties such as employment, familial relations, and medical care from providers of his choice are ordinary circumstances incident to incarceration" and do not support release on bail pending resolution of a habeas petition."); *Ferrell v. Carr*, No. CIV-07-0261-HE, 2007 WL 4591275, *6 (W.D. Okla. Dec. 28, 2007) (denying habeas petitioner's motion for bond pending

4

adjudication of petition and finding that petitioner's ties to the community and commitment to wife and children placed him in a similar situation to many fellow inmates); *Villa v. Straub,* No. 502-cv-128, 2005 WL 1875091, *1 (W.D. Mich. Aug. 5, 2005) (habeas petitioner's argument for bond based, *inter alia*, on strong family ties was "neither unique nor compelling").

Finally, Petitioner argues that the short term that remains on his sentence constitutes an extraordinary circumstance warranting his release on bond. Petitioner already has served approximately five months of his two year sentence. The time period remaining on a habeas petitioner's sentence may, in certain situations, constitute extraordinary circumstances. *See Landano v. Rafferty*, 970 F.2d 1230, 1239 (3rd Cir. 1992) (finding special circumstances may arise when time remaining on a prisoner's sentence is so short there was a danger that the petitioner would already have completed his sentence before habeas relief could be granted); *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974); *Blocksom v. Klee*, No. 11-cv-14859, 2015 WL 300261, *4 (E.D. Mich. Jan. 22, 2015) (Leitman, J.). However, a petitioner must show a substantial claim of law based on the facts surrounding the petition *and* some special circumstances warranting special consideration. As discussed, Petitioner fails to show a substantial claim of law. Therefore, the short time remaining on his sentence cannot, by itself, support release on bond. Nevertheless, in light of the relatively short time remaining on Petitioner's sentence, the Court shall shorten the time for Respondent to file a responsive pleading.

**III.    Conclusion**

5

For the reasons stated, the Court DENIES Petitioner's Motion for Release Pending Decision (dkt. #2).

The Court AMENDS the June 22, 2015 Order Requiring Responsive Pleading (dkt. # 4) to require Respondent to file a responsive pleading by September 10, 2015.


S/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  August 11, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 11, 2015, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5135