**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LONNEL ANTWINE,

                Petitioner,              Case Number: 2:15-CV-12037
                                        HONORABLE GERALD E. ROSEN

v.

SHAWN BREWER,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF**
**HABEAS CORPUS AND GRANTING IN PART**
**A CERTIFICATE OF APPEALABILITY**

      This matter is before the Court on Petitioner Lonnel Antwine's petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for

possession of 25 grams or more, but less than 50 grams of cocaine, and possession of a

firearm during the commission of a felony on these grounds: (i) he was denied due

process because insufficient evidence supported his felony-firearm conviction and the

jury instructions omitted an element of the felony-firearm charge; and (ii) defense counsel

rendered ineffective assistance. Respondent, through the Attorney General's Office, has

filed an answer in opposition arguing that the claims lack merit and that one of the

ineffective assistance of counsel claims is unexhausted. The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA) "erects a formidable barrier" to federal habeas

corpus relief. *Burt v. Titlow*, — U.S. —, 134 S. Ct. 10, 16 (2013). Petitioner is unable to

overcome this formidable barrier.  Habeas relief is denied.

## I.    Background

This case begins in a home co-owned by Petitioner and Maurice Stark in the City of Hamtramck.  The home had been condemned as unfit for human occupancy or use because it lacked water service and a sanitary facility.  A notice posted on the house stated that the house could not be used or occupied by any person and that entry would be permitted into the house only from 8:00 a.m. until 8:00 p.m., and only for the purpose of cleanup and repair.  *People v. Antwine,* 293 Mich. App. 192, 195-96 (Mich. Ct. App. 2011).  On November 3, 2009, at approximately 6:00 a.m., police responded to a report that an unknown person was in the house.  The home's front door was padlocked, so Petitioner, who answered the police officer's knocks, told police to come to the back of the house.  Petitioner told officers that he owned the home and allowed officers to enter the house.  Once inside the house, officers observed several ziploc bags and a scale that appeared to have cocaine on it on the floor.  *Id.* at 196.  The officers then searched the home to determine if anyone else was in the residence.  While inside the house, officers discovered a loose step on the flight of stairs to the attic.  *Id.* at 196-97.  The officers could see into a hole in the step and observed a baggie with what appeared to be cocaine.  *Id.* at 197.  On the basis of these observations, the officers obtained a search warrant.  The officers confiscated a scale, two or three baggies of cocaine, and a loaded rifle from the enclosed back porch.  *Id.*

Petitioner was charged in Wayne County Circuit Court with possession with intent

to deliver less than 50 grams of cocaine, possession of more than 25 but less than 50

grams of cocaine, and possession of a firearm during the commission of a felony, second

offense.  Petitioner moved to suppress the seized evidence and dismiss the charges on the

ground that police should not have conducted the initial search of the home absent a

warrant or exigent circumstances.  The trial court granted the motion and dismissed the

case.  *Id.* at 197-98.  The prosecution appealed the trial court's rulings.  The Michigan

Court of Appeals reversed the trial court's order suppressing the evidence and dismissing

the case.  *Antwine*, 293 Mich. App. at 202.  Petitioner's application for leave to appeal

was rejected for filing by the Michigan Supreme Court because it was a late application.

*See* Affidavit of Larry Royster*,* Clerk, Michigan Supreme Court, ECF No. 11-9, Pg. ID

607.

The matter was returned to the trial court, where a jury convicted Petitioner of

possession of 25 grams or more, but less than 50 grams of cocaine, and possession of a

firearm during the commission of a felony.  Petitioner was sentenced to time-served for

the cocaine-possession conviction and two years' imprisonment for the felony-firearm

conviction.  Petitioner filed a motion for new trial.  Following a hearing, the trial court

vacated the felony-firearm conviction on the ground that insufficient evidence was

presented to sustain the conviction.  The trial court released Petitioner on personal bond

pending appeal.

Petitioner filed an appeal of right challenging the cocaine-possession conviction,

raising several ineffective assistance of counsel claims.  The prosecution appealed, by

3

leave granted, the trial court's order setting aside the felony-firearm conviction.  The

Michigan Court of Appeals consolidated the appeals and denied Petitioner's claims and

held that the trial court erred in finding that there was insufficient evidence to convict

Petitioner of felony-firearm.  *People v. Antwine*, Nos. 309028 & 313826, 2014 WL

783484, *5-7 (Mich. Ct. App. Feb. 25, 2014).  The Michigan Court of Appeals remanded

the case for reinstatement of the conviction and sentence.  The Michigan Court of

Appeals denied Petitioner's motion for reconsideration.  The Michigan Supreme Court

denied Petitioner's application for leave to appeal, *People v. Antwine*, 497 Mich. 889

(Mich. Oct. 28, 2014), and denied a motion for reconsideration.  *People v. Antwine*, 497

Mich. 1009 (Mich. Apr. 28, 2015).

Petitioner then filed this habeas corpus petition.  He raises these claims:

I.      Petitioner was denied due process where there was insufficient evidence to
        convict and a missing jury instruction on an element of the felony firearm
        charge.

II.     Petitioner was denied a fair trial by ineffective assistance of trial counsel in
        failure to investigate, prepare for trial, to object, and offering erroneous
        advice that resulted in prejudice.

## II.    Standard

Review of this case is governed by the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of

habeas corpus only if he can show that the state court's adjudication of his claims –

(1) resulted in a decision that was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by the
Supreme Court of the United States; or

4

(2) resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562

5

U.S. 86, 101 (2011).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* at 102. Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of th[e Supreme] Court."  *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent.  *Id.*  Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)) (Stevens, J., concurring)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 103, 131 S. Ct. at 786–87.

Additionally, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358,

360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, — U.S. —, 131 S.Ct. 1388, 1398 (2011).

## III.   Discussion

### A.      Sufficiency of the Evidence and Jury Instruction

In his first claim for habeas corpus relief, Petitioner argues that insufficient evidence was presented to sustain his felony firearm conviction. Petitioner's argument focuses on the element of possession. He argues that the jury was not instructed on the element of constructive possession of a firearm and, consequently, the jury must have convicted him on the basis of actual possession. He further argues that no evidence was presented from which a jury could infer actual possession and, therefore, insufficient evidence supports his felony-firearm conviction.

The elements of felony-firearm under Michigan law are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony. *See* Mich. Comp. Laws § 750.227b; *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863 (Mich. Ct. App. 2003). The trial court instructed the jury that the prosecution bore the burden of establishing each of these elements beyond a reasonable doubt. The trial court explained the meaning of "possession" when instructing the jury on the alternative charges of possession of cocaine and possession with intent to distribute. The trial court explained the term as follows:

> Possession does not mean ownership. Possession means that either the person had actual physical control of the substance, as I do the pen I'm now holding [indicating], or the person had the right to control the substance,

7

even though it is in a different room or place.

Possession may be sole, where one person, alone, possesses the substance; or, possession may be joint, where two or more people each share possession.

It is not enough if the defendant merely knew about the substance. The defendant possessed the substance only if he had control of it, or the right to control it, either alone or together with someone else.

Tr., 1/12/12 at 55, ECF No. 11-4, Pg. ID 497.

Petitioner argues that the trial court's failure to separately define possession in the context of the felony-firearm charge meant that the jury was never properly instructed on constructive possession with respect to this charge. The Michigan Court of Appeals held that the instructions given adequately conveyed to the jury the essential elements of the felony-firearm offense. *Antwine*, 2014 WL 783484 at *4-5.

"It is a fundamental Constitutional law that no one may be convicted of a crime absent proof beyond a reasonable doubt of every fact necessary to constitute that crime." *Glenn v. Dallman*, 686 F.2d 418, 420 (6th Cir. 1982). To show that a jury instruction violates due process, a habeas petitioner must demonstrate both that the instruction was ambiguous and that there was 'a reasonable likelihood' that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Waddington v. Sarausad*, 555 U.S. 179, 190-91 (2009) (citations omitted). A petitioner is entitled to habeas relief only if the defective jury instruction "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). A federal court may not grant the

8

writ of habeas corpus on the ground that a jury instruction was incorrect under state law, *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991), and "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). The jury instruction "must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72. A state court's finding that challenged jury instructions "adequately reflected the applicable state law and corresponding state charges" is binding on federal habeas review. *White v. Steele*, — F. App'x —, 2015 WL 6405704, *5 (6th Cir. Oct. 22, 2015). "The exception is when the instruction is so flawed as a matter of state laws as to "infect[] the entire trial' in such a way that the conviction violates federal due process." *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012), *quoting Kibbe*, 431 U.S. at154.

In *People v. Hill*, 433 Mich. 464 (Mich. 1989), the Michigan Supreme Court, considering the definition of possession in the context of the offense of felony-firearm, found that "a person has constructive possession if there is proximity to the article together with indicia of control" or "[p]ut another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Id.* at 470-71 (citing *People v. Davis*, 101 Mich. App. 198, 300 N.W.2d 497 (1980)). While, in this case, the trial court did not use the phrase "reasonably accessible to the defendant," the instructions, as given, conveyed to the jury the concept of constructive possession of a firearm articulated in *Hill*. Further, the trial court instructed the jury to take "all of [the] instructions together .... You should not pay

attention to some and ignore others."  Tr. at 42; ECF No. 11-4, Pg. ID 484.  The Michigan Court of Appeals' decision that the instructions, taken as a whole, were proper under state law, is a reasonable one.  The instructions did not permit the jury to find Petitioner guilty without finding both of the essential elements of felony-firearm had been proven beyond a reasonable doubt.  Habeas relief is denied on this claim.

The Court now considers the reasonableness of the Michigan Court of Appeals decision that the prosecution presented sufficient evidence to sustain Petitioner's felony-firearm conviction.  "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'"  *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006), quoting *Jackson*, 443 U.S. at 324 n.16.

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency."  *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009).  First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, citing *Jackson,* 443 U.S. at 319. Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

The Michigan Court of Appeals held that sufficient evidence was presented to establish constructive possession of the firearm. In reaching this conclusion, the Michigan Court of Appeals noted that the gun was found approximately ten steps from the back door and the officer who recovered the gun testified that guns are often used to protect people in possession of illegal drugs; Petitioner owned the house at which the gun was found; and there was evidence that Petitioner was using the house to operate narcotics business. The Michigan Court of Appeals held that it would have been reasonable for the jury to infer that the owner of the home deliberately hid the firearm from view especially because the front door was padlocked and the back porch appeared to provide the only available access to the house. *Antwine*, 2014 WL 783484 at *6.

In evaluating the sufficiency of the evidence, this Court must accord the state court's findings of fact a presumption of correctness and may not "rely simply upon [the Court's] own personal conceptions of what evidentiary showings would be sufficient to convince [the Court] of the petitioner's guilt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Instead, the Court must determine whether the Michigan Court of Appeals' "was unreasonable in *its* conclusion that a rational trier of fact could find [Petitioner]

guilty beyond a reasonable doubt based upon the evidence introduced at trial." *Id.*

Petitioner argues that the Michigan Court of Appeals' decision is unreasonable because

no direct evidence established his link to the firearm. The jury, however, was free to

conclude from the testimony that Petitioner had proximity to the firearm and an indicia of

control over it based upon the evidence cited by the Michigan Court of Appeals and the

additional facts that Petitioner not only owned the home but also admitted to taking down

the condemned sign that had been posted on the outside of the home. Additionally, he

answered the door in boxer shorts and a t-shirt at approximately 6:00 a.m., which could

lead a jury to reasonably infer that he had an indicia of control over the contents of the

home. This Court concludes that the Michigan Court of Appeals' decision that sufficient

evidence was presented to prove constructive possession did not "result[] in a decision

that . . . involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner is not entitled to federal habeas corpus relief with respect to this claim.

### B.    Alleged Ineffective Assistance of Counsel

Petitioner also argues that the state court unreasonably applied *Strickland v.*

*Washington*, 466 U.S. 668 (1984), when it held that Petitioner's trial counsel was not

ineffective. Petitioner argues that his trial counsel was ineffective in the following ways:

(i) failing to investigate and prepare for trial; (ii) advising Petitioner not to testify in his

own defense; (iii) failing to object to testimony that a controlled substance was found on

the scale and failing to object to the jury instruction on felon firearm; and (iv) failing to

12

file a timely appeal of the Michigan Court of Appeals' decision regarding the Fourth Amendment issue.

Petitioner argues that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claims. Federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). "[R]eview under § 2254(d)(1) focuses on what a state court knew and did." *Id.* at 1399. The Court reasoned that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Pinholster*, 131 S.Ct. at 1399. "[D]istrict courts are precluded from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013). With one exception, the ineffective assistance of counsel claims for which Petitioner seeks an evidentiary hearing were decided on the merits by the state court. Therefore, the Court must decide these claims based upon the existing record. The one claim the state court did not decide on the merits is Petitioner's claim that appellate counsel was ineffective in failing to file a timely application for leave to appeal the Michigan Court of Appeals' decision regarding the suppression of evidence. As discussed *infra*, Petitioner has no constitutional right to the effective assistance of counsel in connection with a state court discretionary appeal to the Michigan Supreme Court. Therefore, an evidentiary hearing on this claim, even if

13

permissible under *Pinholster*, would be futile.

The standard for obtaining habeas corpus relief is "'difficult to meet.'" *White v. Woodall*, — U.S. —, 134 S. Ct. 1697, 1702 (2014), *quoting Metrish v. Lancaster*, 569 U.S. —, —, 133 S. Ct. 1781, 1786 (2013). In the context of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'*s* deferential standard." *Id.*

A violation of the Sixth Amendment right to effective assistance of counsel is established where an attorney's performance was deficient and the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688)

14

(internal quotes omitted)).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Petitioner first claims that his trial attorney failed to investigate and prepare for trial. He argues this resulted in the exclusion of letters addressed to Petitioner at an address different than that of the condemned house, which would have established that he did not live at the home. The Michigan Court of Appeals held that counsel was not ineffective because, while defense counsel did not secure the letters' admission, he cross-examined a police officer about them and referenced the letters during closing argument. *Antwine*, 2014 WL 783484 at *2.* Defense counsel also elicited testimony that Petitioner's name was one of two on the deed to the house. *Id.* The Court sees no reasonable likelihood that admission of the letters addressed to Petitioner at a different location would have altered the result of the trial.

Petitioner argues that counsel's failure to prepare for trial also resulted in the exclusion of evidence that would have raised the possibility that the home's co-owner,

15

Maurice Swift, possessed the gun. The trial court excluded testimony that Swift had a prior cocaine-related conviction and was awaiting trial on another cocaine-related charge on the ground that it was improper character evidence under Mich. R. Evid. 404(b). The Michigan Court of Appeals held that the evidence was properly excluded under Rule 404(b). *Id.* at *2. Petitioner cannot show that counsel was ineffective in failing to secure the admission of inadmissible evidence.

Next, Petitioner argues that counsel was ineffective in counseling Petitioner not to take the stand in his own defense. The Michigan Court of Appeals found no evidence that Petitioner wished to testify but was prevented from doing so or that counsel's advice that Petitioner not testify was anything but sound. *Antwine,* 2014 WL 783484 at *2-3.

It is well-established that a criminal defendant has a constitutional right to testify in his own behalf. *See Rock v. Arkansas*, 483 U.S. 44, 52-53 & n. 10 (1987); *Neuman v. Rivers*, 125 F.3d 315, 318 (6th Cir.1997). When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed. *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000). A trial court has no duty to inquire *sua sponte* whether a defendant knowingly, voluntarily, or intelligently waives his right to testify. *United States v. Webber*, 208 F. 3d 545, 551-52 (6th Cir. 2000). In addition, a state trial judge is not constitutionally required to specifically address a criminal defendant and both explain that he has a right to testify and ask him whether he wishes to waive that right. *Siciliano v. Vose*, 834 F. 2d 29, 30 (1st Cir. 1987). Waiver of the right to testify may be inferred from a defendant's conduct. Waiver is presumed from the defendant's failure to

16

testify or notify the trial court of the desire to do so.  *Webber,* 208 F. 3d at 551.

Here, Petitioner did not alert the trial court at any time that he wanted to testify. The record is void of any indication by Petitioner that he was unaware of his right to testify or that he disagreed with the decision not to testify.  Petitioner's argument that his attorney "told the court he would not permit his client to testify before the jury," is taken out of context and does not support a finding that Petitioner was denied the right to testify in his own defense.  Pet. at 20, ECF No. 1-1, Pg. ID 34.  Defense counsel made that remark in the course of discussing the admissibility of evidence concerning Maurice Swift's criminal record and it concerned only whether he would allow Petitioner to testify in front of the jury as to Swift's identity.  It cannot be read as a sweeping statement that counsel prohibited Petitioner from taking the stand in his own defense.  The record before the Court shows that the decision not to testify was a tactical one in which Petitioner acquiesced.  Petitioner has not overcome the presumption that he willingly agreed not to testify.  *Gonzales,* 233 F. 3d at 357.  Therefore, the state court's decision was not contrary to or an unreasonable application of Supreme Court precedent.

Petitioner's third ineffective assistance of counsel claim concerns counsel's failure to object to admission of a police officer's testimony that a field test revealed the presence of cocaine on the digital scale found in the condemned house and counsel's failure to object to the absence of a constructive possession instruction specifically related to the felony-firearm charge.  The Michigan Court of Appeals found no error in counsel's decision not to object to the field-test testimony.  *Antwine*, 2014 WL 783484 at *3.  The

17

court found it reasonable for defense counsel to instead focus on using "the circumstances of the field test to question the credibility of the officer's testimony." *Id.* The Michigan Court of Appeals observed that, even if the testimony about cocaine residue on the scale was excluded, the jury "still would have heard testimony that a scale, typically used for weighing narcotics, was located in an area of the home where defendant was apparently living, and that actual cocaine was located under the stairs." *Id.* Therefore, the state court found no resulting prejudice. In light of the undisputed presence of cocaine under the stairs, the state court's decision that counsel was not ineffective in failing to object to admission of the field-test testimony is eminently reasonable.

Petitioner also argues that defense counsel was ineffective for failing to object to the trial court's failure to instruct the jury on the definition of possession specifically with respect to the felony-firearm charge. The Michigan Court of Appeals denied this claim on the ground that the jury instructions, considered as whole, adequately instructed the jury on the possession element. *Id.* at *4. Given the deference owed the state court's decision that the jury instructions were appropriate under state law, the state court's finding that counsel was not ineffective in failing to object was a reasonable application of *Strickland.*

Finally, Petitioner argues that defense counsel was ineffective in failing to file a timely appeal of the Michigan Court of Appeals' decision that the trial court erred in suppressing evidence on Fourth Amendment grounds and dismissing the charges. Respondent correctly points out that this claim has not been exhausted. The exhaustion

18

requirement is not jurisdictional, and the Court may decided an unexhausted claim where the unexhausted claim is plainly meritless, not cognizable on federal habeas review, or doing so is in the best interests of the parties and judicial economy. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The Court will address this claim because it is plainly meritless.

Petitioner had no Sixth Amendment right to counsel in connection with his discretionary appeal to the Michigan Supreme Court. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). "[T]he right to effective assistance of counsel is dependent on the right to counsel itself." *Evitts v. Lucey*, 469 U.S. 387, 397 n.7 (1985). Because Petitioner had no constitutional right to counsel in seeking review with the Michigan Supreme Court, he cannot claim constitutionally ineffective assistance of counsel based on counsel's failure to file a timely application for leave to appeal. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (holding that because petitioner had no constitutional right to counsel in pursing state supreme court review, petitioner "could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely"). Habeas relief is denied on this claim.

## IV.   Certificate of Appealability

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability (COA) must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial

19

showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).  When a court

rejects a habeas claim on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the district court's assessment

of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473,

484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could

conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying that standard, a district court

may not conduct a full merits review, but must limit its examination to a threshold inquiry

into the underlying merit of Petitioner's claims.  *Id.* at 336-37.  "The district court must

issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court concludes that reasonable jurists could debate its resolution of

Petitioner's first claim for habeas relief, and his claim that counsel was ineffective in

failing to object to the jury instructions.  The Court holds reasonable jurists would not

debate its denial of Petitioner's remaining ineffective assistance of counsel claims.  Thus,

the Court grants in part and denies in part a COA.

**V.      Conclusion**

For the reasons stated above, Petitioner's petition for a writ of habeas corpus is

DENIED.  Furthermore, the Court GRANTS a certificate of appealability as to

Petitioner's first habeas claim related to the sufficiency of the evidence and felony-

firearm jury instructions, and his claim that counsel was ineffective in failing to object to

the jury instructions.  The Court DENIES a certificate of appealability as to Petitioner's

remaining ineffective assistance of counsel claims.

The Court DENIES as moot Petitioner's Motion to Consider Release Pending

Decision (Dkt. 13).

SO ORDERED.


s/Gerald E. Rosen_____
Chief Judge, United States District Court


Dated:  December 14, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on December 14, 2015, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135